UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LINDA KAZAK and KAZAK REAL
ESTATE, LLC,

      Plaintiffs,

v.                                        Case No.:   2:23-cv-40-SPC-KCD

TRUIST BANK,

      Defendant.
_____/

## ORDER

Before the Court is Plaintiffs' Motion for Leave to File an Amended Complaint. (Doc. 28.)[1] Defendant responded (Doc. 31), making this matter ripe. For the below reasons, the motion is granted.

In this action, Plaintiffs seek to recover damages from Defendants arising out of allegedly unauthorized wire transfers. Defendants moved to dismiss the Complaint for failure to state a claim. (Doc. 11.) Instead of filing a response to that motion, Plaintiffs filed a motion for leave to amend the complaint. (Doc. 28.) Defendants object to the Court granting Plaintiffs leave to amend on the grounds that it would be futile to do so as the proposed

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

amended complaint (Doc. 26) fails to state a claim on which relief can be granted. (Doc. 31.)

Rule 15 instructs that when a court considers a motion to amend a pleading, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]here must be a substantial reason to deny a motion to amend, such as undue delay, bad faith, dilatory motive on the part of the movant, ... undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Nance v. Ricoh Elecs., Inc.*, 381 Fed. Appx. 919, 924 (11th Cir. 2010) (quotations omitted). Regarding futility, the denial of leave to amend is justified "when the [amended] complaint is still subject to dismissal." *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999) (internal citations omitted).

The Court has considered the parties' arguments in support of and in opposition to Plaintiffs' request for leave to amend and finds that Defendant has not shown a substantial reason to deny the motion at this point in the litigation. It might be that the amended complaint will not survive a motion to dismiss for failure to state a claim, but that issue should be decided in a motion to dismiss if Defendants wish to challenge the pleading. By allowing the amendment, the Court makes no finding on whether it can survive a motion to dismiss for failure to state a claim or any other appropriate ground.

Accordingly, it is hereby **ORDERED**:

1. Plaintiffs' Motion for Leave to File an Amended Complaint (Doc. 28) is **GRANTED**. Plaintiffs are directed to immediately file the amended complaint as a separately docket entry.

2. Defendant's Motion to Dismiss (Doc. 11) is **DENIED AS MOOT**.

**ORDERED** in Fort Myers, Florida this April 28, 2023.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record