UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Fort Myers Division

CASE NO.: 2:23-cv-00040-SPC-KCD

LINDA KAZAK and KAZAK REAL
ESTATE, LLC d/b/a KAZAK REAL
ESTATE,

    Plaintiffs,

v.

TRUIST BANK f/k/a BRANCH
BANKING AND TRUST COMPANY,

    Defendant.
_____/

## **CONFIDENTIALITY ORDER**

Plaintiffs, LINDA KAZAK and KAZAK REAL ESTATE, LLC d/b/a KAZAK REAL ESTATE ("Plaintiffs") and Defendant TRUIST BANK, f/k/a BRANCH BANKING AND TRUST COMPANY ("Truist"), agree that Truist will be producing information in this action that involves the disclosure of personal, confidential, trade secret, proprietary, technical, business and/or financial information (hereinafter referred to collectively as "confidential information" or "confidential material") that is entitled to protection from production to outside parties.

1. Accordingly, all confidential information in this case shall be used solely for the purpose of this case and for no other purpose. In no event shall any person receiving confidential information use it for commercial or competitive purposes, make any public disclosure of the contents thereof, or use it in any other litigation, other than in conjunction with prosecuting or defending this lawsuit.

2. If any answer given or document produced in response to any discovery or otherwise provided in this case contains any confidential information, the responding party may mark such information or document as "CONFIDENTIAL." Any information or document so marked shall not be disclosed to any person except as may be permitted by this Order. The designation of any information as "CONFIDENTIAL" shall be made in good faith.

3. This Confidentiality Agreement shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any party or person with respect to confidential information.

4. The aforesaid designation as to documents shall be made by placing a rubber stamp impression, label or other mark of the word "CONFIDENTIAL" on each page of the document which the designating party wishes to designate as confidential. All documents

so designated shall be labeled prior to the transmission of a physical copy thereof to the receiving party.

5. The parties may designate portions of deposition testimony as "CONFIDENTIAL" by so designating such testimony before, during or after the deposition. If testimony is designated as "CONFIDENTIAL," the designating party will clearly state on the record the reason for such designation. Simply denominating testimony as confidential is insufficient for purposes of this Order. The designation of testimony as confidential will not render the entire deposition as confidential. Only the specific portion of the testimony will receive a preliminary confidential designation. If testimony is designated as confidential following the deposition, said designation must be made no later than 30 days after receipt of said deposition transcripts. Any court reporter who transcribes testimony in this action at a deposition shall agree, before transcribing any such testimony, that all "CONFIDENTIAL" testimony is and shall remain confidential and shall not be disclosed except as provided in this Order; the copies of any transcript, reporter's notes, or other transcription records of any such testimony shall be retained in absolute confidentiality and safekeeping by such reporter, or

delivered to attorneys of record, or filed under seal with the forum where this matter is pending.

      6.    Subject to the provisions below, information and documents designated as "CONFIDENTIAL" shall be disclosed only to the Court, the parties, their attorneys, witnesses or potential witnesses and persons assisting counsel.  As used herein, the term "parties" includes the parties' officers, directors and employees in a management capacity.  As used herein, the phrase "persons assisting counsel" shall mean clerks, paralegals and secretaries in the regular employ of the parties' counsel, as well as any expert whose technical advice is being or will be used in connection with this lawsuit, either in preparation for trial or in the trial itself.

      7.    If any party or attorney for any party in this litigation desires to give, show, make available or communicate any information or document designated "CONFIDENTIAL" by the other party to any person, other than the Court, or a party, such as to a person assisting counsel or to any witness, potential witness and/or expert witness, the attorney or party shall first give a copy of this Confidentiality Agreement to such person, who shall read this

Confidentiality Agreement, be fully familiar with its provisions, and agree to be bound by its terms.

8. Inadvertent production of any document or material without a designation of "CONFIDENTIAL" will not be deemed to waive a party's claim as to its confidential nature or estop the party from so designating the particular document or material as confidential at a later date. Disclosure of such document or material by any party prior to such designation, however, shall not be deemed in violation of the provisions of this Order.

9. The Confidentiality Agreement shall not, in itself, be construed to waive any applicable privilege, work-product protection, or other protection or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege, work-product protection, or other protection.

10. With respect to any information or document, or portion thereof, which has been designated "CONFIDENTIAL," any party may at any time serve a written notice of objection to such designation. Counsel shall attempt to resolve the dispute informally. If no agreement can be reached, the counsel seeking the confidential designation may move the Court for an order applying confidential

treatment to the documents or information in question. If such a motion is filed, the documents and/or information shall be kept confidential pending a ruling on the motion. The party asserting confidentiality has the burden to prove that the documents and/or information deserve such treatment. After the termination of this action, the restrictions on communications and disclosures provided for herein shall continue to be binding upon the parties and upon all of the persons to whom documents, answers to interrogatories, deposition transcripts or other items of discovery designated as "CONFIDENTIAL" or material contained herein have been communicated or disclosed pursuant to the provisions of this Confidentiality Agreement or any other order of the Court.

11. All information or documents designated as "CONFIDENTIAL" during the course of the action, including any and all copies, summaries, sketches, data, compilations, extracts and/or reproductions thereof, shall be returned to the producing party or destroyed within ten (10) days after final disposition of the action.

12. This Confidentiality Agreement is intended to provide a mechanism for the handling of confidential documents and information. It is not intended by the parties to act as a waiver of the

right to object to any disclosure of information or production of any documents they deem confidential on any grounds they may deem appropriate, including, without limitation, confidentiality, relevance or privilege. Further, the provisions of this Confidentiality Agreement shall not affect the admissibility of evidence at the lawsuit hearing or any preliminary evidentiary proceeding, except as directed by separate order entered for good cause shown.

    13.   Nothing in this Confidentiality Agreement shall preclude any of the parties from otherwise seeking a modification of this Confidentiality Agreement.

February 16, 2024

*Kyle C. Dudek*
Kyle C. Dudek
United States Magistrate Judge