UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LINDA KAZAK and KAZAK REAL
ESTATE, LLC,

    Plaintiffs,

v.                                                  Case No.: 2:23-cv-40-SPC-KCD

TRUIST BANK,

    Defendant.
_____/

## **ORDER**

Before the Court is Plaintiffs' Amended Motion to Strike Defendant's Affirmative Defenses. (Doc. 57.)[1] Defendant Truist Bank responded in opposition. (Doc. 65.) For the reasons below, the motion is denied.

### **I. Background**

Plaintiffs seek to recover damages from Truist for unauthorized wire transfers from their account. As banking customers, Plaintiffs had written contracts (which they call account agreements) with Truist. The complaint contains eight counts, half of which allege breach of the account agreements. The other half allege negligence, breach of fiduciary duty, and noncompliance

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

with security procedures required under Fla. Stat. § 670.202(2) and (3). (*See* Doc. 34.)

As the Court does with all civil cases, a Civil Action Order was entered when the case was filed. (Doc. 5.) The order explains that because motions to strike are often timewasters, any movant must review the standard applied to such motions in two cases: *Yellow Pages Photos, Inc. v. Ziplocal, LP*, No. 8:12-CV-755-T-26TBM, 2012 WL 12920185 (M.D. Fla. Sept. 17, 2012), and *United States Sec. & Exch. Comm'n v. Spartan Sec. Grp., LTD*, No. 8:19-CV-448-T-33CPT, 2019 WL 3323477 (M.D. Fla. July 24, 2019). (*Id.* at 7-8.) The movant must "then explain why in the motion why the requested relief is warranted notwithstanding the rationale and authorities discussed therein." (*Id.*)

## II. Legal Standards

An affirmative defense is an assertion by a defendant that, if true, will defeat a plaintiff's claim even if the allegations of the complaint are true. *Fed. Deposit Ins. Corp. for Superior Bank v. Hall*, No. 8:14-cv-834-T-24 TGW, 2016 WL 7325590, at *2 (M.D. Fla. Aug. 29, 2016). A court may strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Though motions to strike are allowed, they are considered a "drastic remedy, which is disfavored by the courts and will usually be denied" except under limited circumstances. *Thompson v. Kindred Nursing Centers E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002).

Affirmative defenses should be stricken only if they are facially insufficient as a matter of law. *See Spartan Sec. Grp.*, 2019 WL 3323477, at *2. The movant must show "the affirmative defenses have no possible relationship to the controversy, may confuse the issues, or otherwise cause prejudice." *Am. Mariculture, Inc. v. Syaqua Americas, Inc.*, No. 2:20-CV-711-JES-MRM, 2021 WL 3732915, at *2 (M.D. Fla. Aug. 24, 2021).

### III. Discussion

Despite Plaintiffs acknowledgment that the Civil Action Order applies, they don't follow it. (Doc. 57 at 2-3.) Instead, Plaintiffs ask the Court to strike all fourteen affirmative defenses because "they consist of boilerplate and shotgun pleading," and "are conclusory in nature." (Doc. 57 at 7.) But these arguments defy the two cases cited in the Civil Action Order. So with those cases in mind, the Court considers the affirmative defenses.

To start, Plaintiffs argue that the fourth, sixth, ninth, eleventh, thirteenth, and fourteenth affirmative defenses are improper denials of Plaintiffs' allegations. (Doc. 57 at 12, 15, 19, 21, 23.) "An affirmative defense alleging a defect in a plaintiff's *prima facie* case is a denial rather than an affirmative defense." *Bowes v. Haymore*, No. 13-14304-CIV, 2014 WL 12862646, at *4 (S.D. Fla. July 9, 2014). But "[a]ffirmative defenses that . . . are treated as denials by courts within this district . . . are generally not stricken." *U.S. Commodity Futures Trading Comm'n v. Montano*, No.

3

618CV1607ORL31GJK, 2019 WL 568393, at *1 (M.D. Fla. Feb. 1, 2019) (citing *Heath v. Deans Food T.G. Lee*, No. 6:14-CV-2023-ORL-28, 2015 WL 1524083, at *2 (M.D. Fla. Apr. 2, 2015) and *Taney v. Holding Co. of the Villages*, No. 5:10-CV-134-OC-32, 2010 WL 4659604, at *1 (M.D. Fla. Nov. 9, 2010)).

The Court finds no reason to break step with this line of authority, and so the fourth, sixth, ninth, eleventh, thirteenth, and fourteenth affirmative defenses will remain over Plaintiffs' objection. And based on the Court's own review, it finds there are other affirmative defenses properly construed as denials, including the second, which alleges that Plaintiffs' claims are barred under the account agreements; the third, which alleges that Truist lacked knowledge of the fraud and unauthorized transfers; and the fifth, which alleges that Truist owed Plaintiffs no fiduciary duty. The Court will not strike these affirmative defenses either.

As for the rest, as mentioned, Plaintiffs argue that the defenses are insufficient because they provide no supporting facts. This argument is a nonstarter based on the authority cited in the Civil Action Order:

> This Court has previously held that affirmative defenses are not subject to the pleading standard described in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See Hamblen v. Davol, Inc.*, No. 8:17-cv-1613-T-33TGW, 2018 WL 1493251, at *2 (M.D. Fla. Mar. 27, 2018) ("[T]his Court finds persuasive the logic of those district courts in the Eleventh Circuit that have found that affirmative defenses should not be held to the *Twombly* pleading standard."). As such, the SEC's "arguments based upon *Twombly* and its progeny are roundly rejected." *Id.*

4

*Spartan Sec. Grp.*, 2019 WL 3323477, at *1. Enough said. But even setting aside this form-of-the-pleading issue, Plaintiffs' arguments still fall short.

Starting with the first affirmative defense—failure to state a claim—Truist responds that it is merely preserving its legal arguments about the sufficiency of the complaint. And this is proper because the Court's order on Truist's motion to dismiss stated that its arguments were more properly made on summary judgment. (*See* Doc. 41). Given the Court's ruling on the motion to dismiss, and because under Rule 12(h)(2) failure to state a claim may be raised in an answer, the Court will not strike the first affirmative defense.

As for the seventh affirmative defense—that Truist invokes all defenses and preemption arguments available under Florida's codification of the Uniform Commercial Code—it relates directly to Plaintiffs' claims. And Plaintiffs have not shown they would experience undue prejudice if this defense survived. Thus, the Court declines to strike the seventh affirmative defense. *See, e.g.*, *Spartan Sec. Grp.*, 2019 WL 3323477, at *2 ("[Motions to strike defenses] will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.").

The eighth affirmative defense—that Plaintiffs have not mitigated their damages—can be quickly addressed because the Eleventh Circuit has held that failure to mitigate damages is an affirmative defense under Rule 8(c). *See Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1287 (11th Cir. 2000).

As for the tenth affirmative defense—that Truist has the right to set off against any funds recovered from the purported fraudsters—Plaintiffs argue that it must be stricken because, while it may serve as an affirmative defense to breach of contract, it is not appropriate for tort actions. (Doc. 57 at 19-20.) But it does not follow that the tenth affirmative defense is insufficient as a matter of law since it could relate to Plaintiffs' breach of contract claims. Thus, the Court will not strike it.

Finally, the twelfth affirmative defense alleges that Plaintiffs' claims are barred by the independent tort doctrine based on the terms of the parties' contract. "Under Florida's independent tort doctrine, it is well settled that a plaintiff may not recast causes of action that are otherwise breach-of-contract claims as tort claims." *Altamonte Pediatric Assocs., P.A. v. Greenway Health, LLC*, 8:20-CV-604-T-33JSS, 2020 WL 5350303, at *5 (M.D. Fla. Sept. 4, 2020) (cleaned up). Because the Court cannot say at this stage of the proceedings that there is no set of facts under which the independent tort doctrine would apply, striking the affirmative defense "is not appropriate." *See CMR Constr. & Roofing LLC v. Orchards Condo. Ass'n*, No. 2:20-cv-422-FtM-29MRM, 2021 WL 597728, at *4 (M.D. Fla. Feb. 16, 2021).

The crux of Plaintiffs' motion is that the affirmative defenses lack detailed factual allegations. But Plaintiffs can use discovery to ascertain the granular details. And they are not foreclosed from contesting the merits of the

affirmative defenses once the factual record is developed. The affirmative defenses here provide fair notice of what Truist intends to raise. Nothing more is required at this stage. *See, e.g., Gonzalez v. Midland Credit Mgmt., Inc.*, No. 6:13-CV-1576-ORL-37, 2013 WL 5970721, at *3 (M.D. Fla. Nov. 8, 2013).

For all these reasons, it is **ORDERED**:

Plaintiffs' Amended Motion to Strike Defendant's Affirmative Defenses (Doc. 57) is **DENIED**.

**ENTERED** in Fort Myers, Florida on March 7, 2024.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record